UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EMILY T.,                                                          Case No. 3:25-cv-00254-AR

                        Plaintiff,                                 OPINION AND ORDER

        v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                        Defendant.

_____

**ARMISTEAD, United States Magistrate Judge**

        Plaintiff Emily T. seeks judicial review of the Commissioner's final decision denying

Social Security disability benefits. Plaintiff contends that (1) the ALJ failed to provide clear and

convincing reasons for discounting her subjective symptom testimony; (2) the ALJ improperly

addressed the lay witness statement; (3) the ALJ's RFC determination is not based on substantial

evidence; and (4) the ALJ's vocational hypothetical was invalid. (Pl.'s Br. at 5-16, ECF 12.) The

district court must affirm the Commissioner's decision if the Commissioner applied proper legal

standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is AFFIRMED.

**(1)     *Subjective Symptom Testimony.*** Plaintiff argues that the ALJ failed to give specific, clear and convincing reasons for discounting her subjective symptom testimony. (Pl.'s Br. at 12-14); *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015) (if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony); 20 C.F.R. § 404.1529. According to plaintiff, the ALJ's grounds for discounting her symptom testimony—inconsistencies with the medical evidence and activities of daily living (ADLs)—were unsupported or failed to consider the entire record. (Pl.'s Br. at 13-14.) The court disagrees.

As for the medical evidence, plaintiff asserts that the ALJ singled out a "few periods of temporary well-being from a sustained period of impairment" to discredit her testimony. (*Id.* at 13, citing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)). Not so. As argued by the Commissioner, the ALJ identified specific evidence in the record and linked it to specific portions of plaintiff's testimony.

For example, the ALJ observed that, despite plaintiff's testimony regarding her symptoms caused by anxiety, namely "slow pace and anxious mood[,]" on exam she was not "restless or distractible and she was pleasant, cooperative and polite." (Tr. 31, citing Tr. 483-84.) The ALJ also acknowledged plaintiff's struggle with past traumas, as well as distrust of others and "the legal system." (*Id.*, citing Tr. 958-60.) Even so, it was noted by the ALJ that plaintiff still

Page 2 – OPINION AND ORDER
*Emily T. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00254-AR

presented "with euthymic mood and unremarkable behavior[,]" that her cognition appeared normal, and that she continued to work on her post-traumatic stress disorder in sessions. (*Id*., citing Tr. 958-60, 980.) Furthermore, although plaintiff alleged social anxieties so extreme that she did not leave her home, the ALJ pointed out that treatment notes regularly described unremarkable behavior and presentation. (Tr. 31-34, citing Tr. 623, 958-59, 1099, 1104.) Similarly, despite plaintiff's complaints of problems with memory, concentration, and cognition, clinicians repeatedly found largely normal examination findings. (Tr. 31-33, citing Tr. 1099, 1104.) Based on those inconsistencies, the ALJ reasonably discounted her subjective symptom testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.").

As for her ADLs, plaintiff argues that the ALJ focused only on her better moments and did not establish that she can sustain activity for a full day and work week. (Pl.'s Br. at 13-14.) Contrary to plaintiff's assertion, the ALJ identified record evidence that undermined plaintiff's testimony. For example, the ALJ described that plaintiff is in school, noting that "she has earned about 45 [out of] 95 credits" and "recently passed qualitative analysis and in 2021 completed a writing course." (Tr. 26.) Although plaintiff testified that she has issues keeping up with classes due to the courses being online, the ALJ noted that she has an online tutor to help with that issue. (*Id*., citing Tr. 70.) The ALJ also discussed several statements by plaintiff about her daily activities—socializing, bike riding, dog walking, errands, daily driving—that contradicted her testimony that she hardly leaves the house. (Tr. 22, citing Tr. 420, 345 (plaintiff reported "riding her bike much more"), 1003 (plaintiff describing how she walks her dog and runs errands), 481-

Page 3 – OPINION AND ORDER
*Emily T. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00254-AR

83 (plaintiff reported having a boyfriend with whom she resided, that their relationship was going fairly well, and that she was driving daily).) The ALJ's findings are supported by substantial evidence and the ALJ reasonably could conclude that her ADL's suggest a greater capacity than alleged by plaintiff. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [a claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant to the extent that they contradict claims of a totally debilitating impairment."); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility). Thus, the ALJ did not err in evaluating plaintiff's subjective symptom testimony.

**(2)    *Lay Witness Testimony.*** Lay witness testimony about a claimant's symptoms is competent evidence that an ALJ must consider and may be rejected only if the ALJ "gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Plaintiff challenges the ALJ's evaluation of a third-party function report from her father. (Pl.'s Br. at 14-16.) The ALJ summarized the report, stating that

> he noted neglect of self-care tasks, little activity in regard to household tasks, depression, lack of focus, constant distraction, lack of consistent follow-through, daily contact with friends but mainly through social media, need for reminders, being easily angered, less active with lack of motivation and seemingly scattered thinking. He also noted that [plaintiff] has been through quite a few jobs.

(Tr. 27, citing Tr. 248-55.) Plaintiff argues the ALJ failed "to give specific and legitimate (or any reasons at all) germane to each witness [which] is reversible error." (Pl.'s Br. at 16.) The court disagrees.

Although the ALJ did not expressly reject the lay testimony here, any error is harmless because plaintiff's father's testimony about her mental health-related limitations tracked plaintiff's own allegations. (*Compare* Tr. 248-55, *with* Tr. 241-47.) As discussed above, the ALJ provided specific, clear and convincing reasons for discounting plaintiff's subjective symptom testimony, and those same reasons are valid grounds for discounting her father's similar statements. *See Molina*, 674 F.3d at 1117 (affirming that if an ALJ provides clear and convincing reasons for rejecting a claimant's subjective complaints, failing to discuss similar testimony from lay witness is harmless error). Thus, the ALJ did not harmfully err in evaluating the lay testimony.

**(3)     *RFC Determination.*** Plaintiff challenges the ALJ's RFC determination—the most claimants can do despite their physical or mental impairments, 20 C.F.R. §§ 404.1545, 416.945—on three grounds: (1) the RFC fails to account for her moderate limitations as assessed in the paragraph B criteria; (2) the RFC does not account for her specific responses to stress and supervisors; and (3) the ALJ should have ordered a consultative examination. (Pl.'s Br. at 5-12.) Each argument is unavailing.

**(a)     Paragraph B.** At step three, the ALJ found that plaintiff has moderate limitations in the four broad areas of functioning, known as the paragraph B criteria: understanding, remembering, and applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 22-23.) Between steps three and four, the ALJ assessed plaintiff's RFC this way:

> [plaintiff can] perform a full range of work at all exertional levels but with the following non-exertional limitations: limited to the performance of simple, routine and repetitive tasks; limited to work in a low-stress environment defined as

Page 5 – OPINION AND ORDER
*Emily T. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00254-AR

requiring only occasional decision-making and only occasional changes in work setting; limited to work establishing only production quotas based on end of workday measurements with no assembly line work required; and limited to only occasional interaction with co-workers. Further, while [plaintiff] may work in the vicinity of the public, she should have no interaction with the public.

(Tr. 24.)

According to plaintiff, because the ALJ found that she has moderate limitations in each category, the ALJ committed legal error by failing to include those limitations in the RFC. (Pl.'s Br. at 6, Reply at 2.) Not so. The Social Security regulations provide that paragraph B limitations "are used to rate the severity of mental impairment(s) at steps two and three" and are "not an RFC assessment." SSR 96-8, *available at* 1996 WL 374184, at *4. *See Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (rejecting argument that RFC must correspond to mental limitations determined at step two). When formulating the RFC, the ALJ performs a more detailed assessment of *all* the relevant evidence, including the step three findings, plaintiff's testimony, the medical record, and physicians' opinions. *See Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (holding that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony"); *Israel v. Astrue*, 494 F. App'x 794, 796 (9th Cir. 2012) (The ALJ must consider the step–3 limitations along with all the relevant evidence in the case record when forming the RFC.") (citation modified). Thus, the ALJ did not err because the RFC did not mirror the earlier step three findings. *Tammy W. v. Comm'r Soc. Sec.*, 787 F. Supp. 3d 1175, 1183 (W.D. Wash. 2025) (rejecting similar argument, concluding that "the question is not whether the ALJ's paragraph B findings are consistent with the RFC, but whether the ALJ has provided an adequate explanation for the mental limitations

Page 6 – OPINION AND ORDER
*Emily T. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00254-AR

contained in the RFC." (quoting *Wendy C. v. Comm'r Soc. Sec.*, 3:19-cv-05486, 2020 WL 3287286, at *6 (W.D. Wash. June 18, 2020)).

Next, plaintiff argues that the RFC did not adequately capture her moderate limitations, such as needing extra breaks or being unable to maintain concentration for extended periods. According to plaintiff, because the ALJ found the opinions of the agency physicians unpersuasive, her own physicians did not provide opinions, and the mental health consultative examiner did not provide functional limitations, there was limited record evidence on which the ALJ could premise the RFC. The ALJ based his RFC, in plaintiff's view, almost entirely on his own interpretation of the evidence. Plaintiff's argument misses the mark.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015). Here, the ALJ based the RFC on evidence he found persuasive or based on limitations that were reduced after determining that greater limitations were unpersuasive. (*See* Tr. 24-36.) For example, the ALJ considered plaintiff's moderate limitation in her ability to concentrate, persist, and maintain pace, and concluded that she can perform simple, routine, and repetitive tasks. (Tr. 25.) The ALJ supported this conclusion by citing treatment notes that describe her cognition as "intact" with "fair concentration." (Tr. 23, 25, citing Tr. 627-29, 1033, 1044, 108-69, 1082.) The ALJ also highlighted plaintiff's "improvement in focus, mood and anxiety with use of medication," and another exam showing "normal cognition." (*Id.*, citing Tr. 406, 958-60.) This reflects circuit precedent. *See Stubbs-Danielson*, 539 F.3d at 1174 (finding moderate limitations in pace were accounted for in an RFC limiting claimant to simple tasks).

Page 7 – OPINION AND ORDER
*Emily T. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00254-AR

As for plaintiff's moderate limitations in the ability to interact with others, the ALJ found that her self-reported ADLs and job history outweighed her fluctuating emotional symptoms that only "somewhat interfere with interpersonal relations[,]" and therefore limited her to occasional interaction with coworkers and no interaction with the public. (Tr. 22, 25.) The ALJ considered that plaintiff had a long-term boyfriend, hung out with friends, drove daily in 2022, and "held her 2021 sales job for over six months and it ended for reasons unrelated to her mental health symptoms. She also worked at a 2022 job successfully until . . . a bad experience with a supervisor[.]" (Tr. 34.) Plaintiff argues that "RFC does not address the issue of [her ]interactions with coworkers and supervisors triggering mental health symptoms which would result in overwhelm and an inability to remain in the workplace[,]" but she does not cite the medical record to support this limitation and overlooks that the ALJ properly discounted her subjective symptom testimony based in part on her work history and social life. (Pl.'s Br. at 12). And courts have concluded that limiting a claimant to occasional social interactions may adequately encompass moderate limitations with respect to social functioning. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017) (holding that the ALJ adequately accounted for a doctor's opinion about claimant's "moderate" social limitations by limiting him to occasional coworker interaction) (as amended). Because the ALJ's interpretation of the record is rational and supported by substantial evidence, the court cannot second-guess those findings.

As to plaintiff's moderate limitation in her ability to adapt and manage herself, although the ALJ noted plaintiff's fluctuating emotional symptoms and that she is easily overwhelmed, the ALJ found those observations contrasted with treatment notes discussing her positive response to psychotropic medication, ADLs, job history, educational history, and future plans of taking

Page 8 – OPINION AND ORDER
*Emily T. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00254-AR

additional college courses. (Tr. 23, 25, citing Tr. 424, 405, 416, 481-87, 993-1009, 1033, 1070.) Ultimately, the ALJ found that plaintiff can "work in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting." (Tr. 23.) Plaintiff does not point to any medical evidence the ALJ overlooked, relying instead entirely on her own hearing testimony. (Pl.'s Br. at 10, citing Tr. 55-56.) As discussed above, the ALJ provided specific, clear and convincing reasons to discount her subjective symptom testimony and thus the ALJ's RFC assessment regarding adaptation is supported by substantial evidence.

The court concludes that the ALJ adequately explained the mental limitations contained in the RFC. *Rounds*, 807 F.3d at 1006. Plaintiff's alternative interpretation of the record does not establish legal error by the ALJ. *See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

**(b)      Plaintiff's Specific Response to Stress and Supervision.** Plaintiff argues that the RFC fails to account for her specific response to stress and supervisors. (Pl.'s Br. at 9-11.) The allegations regarding an inability to tolerate stress or supervisor interactions are based on plaintiff's subjective testimony that the ALJ properly discounted; accordingly, the ALJ was not required to include that limitation. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding that ALJ is not required to include limitations in the RFC that are not credible or are unsupported by the record).

**(c)      Consultative Examination.** Plaintiff revisits her argument that because the state agency physicians' opinions were considered not persuasive and there were no opinions in the medical record from her own providers, there was limited evidence about her mental health

Page 9 – OPINION AND ORDER
*Emily T. v. Comm'r Soc. Sec. Admin.*, 3:25-cv-00254-AR

functional limitations from which to formulate the RFC, and the ALJ was required to order a consultative examination. (Pl.'s Br. at 12.)

The burden of demonstrating disability ultimately lies with the claimant, and the ALJ's duty to develop the record is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Although the ALJ may order a consultative examination to resolve an inconsistency or when the evidence is insufficient to allow the Agency to make a disability determination, the ALJ has broad discretion to purchase one. 20 C.F.R. § 404.1519a(b); *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). Because the extensive treatment history and plaintiff's own reported activities supported the ALJ's determination, plaintiff has not shown that the record was ambiguous or incomplete.

And the record reflects that the ALJ kept the record open after the hearing for 30 days to permit plaintiff to obtain a medical source statement from her mental health provider. (Tr. 331.) Plaintiff's attempt was unsuccessful and her counsel informed the ALJ in a post-hearing letter that the record was complete. (*Id.* (informing ALJ that provider stated the opinion was "outside the scope of her work" with plaintiff").) Accordingly, the ALJ's decision not to order a consultative examination was reasonable here.[1]

---

[1]    In her opening brief, at the end of the section concerning the RFC, plaintiff contends that the ALJ's finding that the state agency opinions were unpersuasive failed to properly consider the supportability and consistency factors. (Pl.'s Br. at 12, Reply at 2.) Plaintiff neither explains how the ALJ's findings fall short nor examines the factors in a separate section of her briefing. Thus, plaintiff's argument is undeveloped and the court does not consider it. *See* LR 4000-3 (requiring that plaintiff's opening brief must "contain a statement of the specific issues presented for judicial review in a separate section under an appropriate heading."); *Carmickle v. Comm'r, Soc.*

**(4)**    ***Step Five Determination.*** Plaintiff argues that the ALJ's hypothetical posed to the vocational expert was invalid because it omitted her credible allegations and limitations from the lay witness. Because the ALJ did not err in evaluating that evidence, plaintiff has not shown that the hypothetical presented to the vocational expert was flawed. *Bayliss*, 427 F.3d at 1217-18 (holding that RFC and corresponding hypothetical to vocational expert is required to "contain[] all of the limitations that the ALJ found credible"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (holding that hypotheticals posed to vocational expert must only include those limitations supported by substantial evidence).

### CONCLUSION

For the above reasons, the court AFFIRMS the Commissioner's final decision and this action is DISMISSED.

ORDERED: June 5, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge

---

*Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (rejecting conclusory argument because the plaintiff "failed to argue this issue with any specificity in his briefing").